**In re STANDARD WHOLESALE PRODUCE & SUPPLY CO.**

(District Court, W. D. Pennsylvania. March 9, 1925.)

10056.

Bankruptcy ⟐⟳330—Proof of claims held sufficient.

Individuals who borrowed money from a bank on their own notes and had it credited to bankrupt corporation, which used it in its business, may prove their claims for money lent, regardless of whether or not the notes have been paid.

In Bankruptcy. In the matter of the Standard Wholesale Produce & Supply Company, bankrupt. On review of orders of referee. Affirmed.

L. B. Brownfield, E. J. McDaniel, and Elias Goodstein, all of Uniontown, Pa., for petitioners.

John L. Robinson, of Uniontown, Pa., for trustee.

SCHOONMAKER, District Judge. This case now comes before the court on petition to review:

(1) Action of the referee in bankruptcy in granting permission to L. B. Brownfield, E. J. McDaniel, and Theodore Baroni to amend their original claim in bankruptcy in this case after the expiration of one year from the date of adjudication in bankruptcy.

(2) The refusal on the part of the referee to reconsider and expunge from the record the claim filed by said L. B. Brownfield, E. J. McDaniel, and Theodore Baroni.

We have carefully reviewed the findings of the referee in bankruptcy in this case, and find no reason to disturb his findings. So far as the first question is concerned, the power of amendment was properly exercised by the referee, under the authority of the cases cited by the referee in his opinion. The amendment granted really is not necessary, for the claim was based, not only upon the promissory notes, but on the loan of the money to the bankrupt, which the claimants secured by means of the notes.

It seems in the instant case that the corporation desired to negotiate a loan at the bank; its officers went there for that purpose; the bank declined to deal with the corporation, or to loan any money; but it was agreed that, if the individuals concern-ed, the claimants in this case, Brownfield, McDaniel, and Baroni, would give their notes to the bank in the sum of $14,500, the bank would loan the money. This was accomplished on the promissory notes, one in the sum of $7,000, and the other in the sum of $7,500, on which McDaniel and Baroni appeared as makers and Brownfield as in-dorser. The money secured on these notes was turned over to the bankrupt, and deposited to its credit, and used by it in the conduct of its affairs.

So, as we view the case, the debt that is represented by the claim filed is not evidenced by the notes in question, and the payment of the notes in question, therefore, is not necessary to render the bankrupt liable to the claimants in this case, or any of them. Therefore it was unnecessary to allow the amendment, which would show the payment of the two notes in question by Brownfield. The effect of what was done in this case, the borrowing of the money on these two notes, and the placing of the money to the credit of the corporation, was to make these three individuals the creditors of the now bankrupt debtor. The proof of claim filed set forth sufficient facts to establish the claim of money loaned, independently of the notes concerned, or the payment of them.

In the argument before the court it was urged that the three persons concerned agreed to take stock in the company for the amount of these notes, and that therefore there could be no allowance of these amounts as claims against the estate, for the persons were really shareholders of the company. The referee in bankruptcy, in passing upon this claim, makes no reference to these facts of the case. We do not know what his views are with reference thereto. We have reviewed the testimony, and do not think that that position can be sustained.

There seems to be no question about the main facts in this case—that these three individuals borrowed this money from the bank and loaned it to the bankrupt company. We think that the referee is clearly right in refusing to reconsider this claim as proved and allowed and thereupon expunge it from the record.

An order may be entered, confirming the order of the referee, to which exceptions have been taken by the trustee.